Good morning. Verna Weefald on behalf of Palen Gerardo Lopez. This court recently held in White v. Martell, which I've cited in the reply brief, that the adequate and independent state ground doctrine does not apply to save an untimely state petition from or the properly filed requirement of the AEDPA. But apart from that, that does not control the result in this particular case. I want to emphasize, first of all, that the way this case proceeded through the state court was nothing out of the ordinary. Mr. Lopez had a trial. He then had an appeal and filed a petition for review and then about 90 days before the statute of limitations under the AEDPA expired, he filed a habeas petition in the superior court alleging ineffective assistance of counsel. The superior court rendered a short decision in which it addressed the ineffective assistance of counsel claim and just denied it on the merits. And then it said, and here's just one sentence in that order that is why we're here today. The court then said, as to matters alleged to have occurred in 2002, petitioner has not disclosed the reasons for delaying the presentation of these facts to this court. It's difficult to understand what exactly this refers to because oftentimes in state court decisions when you have a denial, we're not going to reach this decision because we're not going to reach the merits of your case because you didn't file this on time. And then the court will give an alternative ruling on the merits. But here the court gave a ruling on the merits, and then it says, as to matters alleged to have occurred. It's very difficult to understand what that refers to. The trial was in 2002. But aren't we just prevented by Bonner from interpreting it any way other than it was interpreted in Bonner? In Bonner, the superior court likewise said there was an alternative ruling on the merits by the state court. They said, we don't care. And they interpreted language that was almost identical to what the state court said here to mean that it was not properly filed due to delay. So it seemed like it was difficult to get around the ruling in Bonner. What's your response to that? Well, my response is that in Bonner is a different kind of a situation because Mr. Bonner filed, I believe it was four separate habeas petitions over the years. And it was like the fourth petition that he filed around the time that the AEDPA was enacted. And I think that that is a significant difference. I think the other... It was a different factual situation, but the language that we interpreted as meaning delay, it was rejected because of the delay, was virtually identical. It says Bonner's claims were either raised in his 1990 petition or they could have been raised then and there was no reason stated for any delay in this regard. And then we said that that reason was dispositive. I have another reason why I believe that Bonner should be distinguished. And that has to go to, I suppose we could go back to arguing an adequate independent state ground, but again, Bonner filed four petitions. Mr. Lopez did basically what he is supposed to have to do. He waited until after the appeal was over to raise his ineffective assistance of counsel claims. Now, the Superior Court stated that, well, you know, you knew, let's just say, you know that you don't think your lawyer is doing a very good job. He hasn't investigated your defense. And somebody shows up on the day of trial that you've never met. It's not the lawyer that was appointed to represent you. It's somebody that you've never met and you go to trial. Okay. Could he, the day after he was convicted, have raised his ineffective assistance of counsel claim? He probably could have, but there would be problems again down the line. First, the lawyer who showed up on the day of trial that he had never met did not file the notice of appeal. And Mr. Lopez had to get permission from the Court of Appeal to be allowed to file the notice of appeal. He then has the problem of piecemeal litigation, because if you file a habeas petition immediately after you've been convicted because you know your lawyer didn't do what he was supposed to do, then you, if something comes along later on, you file another petition regarding that new ground and you're going to be in trouble because they're going to say you filed successive petitions. And the Court of Appeal, the lawyer who was appointed to do the appeal, failed to raise the issue on which he got a reversal. It was the Court of Appeal, sua sponte, that asked the parties to brief the issue of the sufficiency of evidence. So suppose he had had an ineffective assistance of appellate counsel claim that he needed to raise. If he'd already raised his IAC claim as a trial counsel, then he has to, I mean, you're supposed to put all your claims in one petition. And the way he did it here is the way you should do it. But let's just say Bonner controls and that one sentence, the Court has to determine that that means that the Superior Court found it was untimely. And what do we do if the Superior Court is wrong under the AEDPA? You can get around it, perhaps, in terms of procedural default and getting the federal court to reach the merits. But if your petition is not properly filed and you're otherwise proceeding through the state courts the way you should, then what do you do? So Pace said that we recognize it's a harsh result, but you have to file a protective habeas petition that recognized just exactly what you're saying, that it's harsh because you're waiting for the state court to rule and then you find out it wasn't properly filed in the first place. But the Supreme Court says, well, file a protective petition in federal court. And now, even not just pro per state defendants, but lawyers. I myself just filed my first protective petition, which I had never done before. I've never been faulted out because of that. But the law keeps coming. There are more and more cases coming down from the U.S. Supreme Court, more cases from this court. And now it's becoming customary that people are starting to file protective petitions in federal court, making more work for the federal court and that sort of thing like that. But Mr. Lopez, I don't think, because it's not customary. Not everybody files a protective petition in federal court. It's only becoming more and more clear now that perhaps you ought to do that just in case. And it's just in case, not that you are wrong. It's that you might get a judge who's wrong on the law. And that's, I think, the problem. So let's say that the judge was wrong. He didn't file a protective petition. The judge was wrong about whether or not his Superior Court petition was timely filed. Wouldn't he be then entitled to equitable tolling? How could he anticipate that he did basically what people for, you know, dozens and dozens of years have been doing? This is his first petition. He's alleged a colorable claim of relief for under ineffective assistance of counsel. He files the petition. He's still got 90 days left before the expiration of the statute of limitations. Wouldn't he be entitled to equitable tolling even if the adequate and independent state ground doctrine doesn't control it? Let me tell you the problem I have with this case. It seems to me that your client would have to win virtually all of his tolling claims in order for him for it to make any difference in the outcome. If the state habeas petition is denied as untimely, there is no tolling for dependency of those claims at all. So unless we find the Superior Court did not deny the petition as untimely, his federal claim must be dismissed even if he was entitled to tolling for other delays, such as the 174-day period in which he didn't know what the Superior Court had done, didn't know the Superior Court had denied his claim. So even if you get all of that tolling, it's still not enough. Well, again, it has been my position that, in fact, the Superior Court did not deny the petition as untimely. The Superior Court started out with a ruling on the merits, and then it says, as to matters alleged to have occurred. It seems to me that the court is making a distinction as to what it just ruled on. So even though we know there's only one claim, the court has disposed of that claim on the merits, and this sentence, which doesn't really make much sense, and we don't really know what it's referring to, to just seize on that and say, well, it was untimely, I think that that's wrong. It seems to me that the benefit of the doubt needs to go to Mr. Lopez and that the court did, in fact, reach a ruling on the merits. And the Court of Appeal didn't – there's no indication that the Court of Appeal had any idea what the basis for the ruling was in denying the petition. Mr. Lopez didn't have a copy of this decision, and the Court of Appeal specifically stated in its order denying the petition that they had looked at their appellate file, and then they were going to deny it. And I don't – there's no look-through doctrine as far as I can see, because the court gave a reason that did not have anything to do with the Superior Court's denial. So that is the thrust of Mr. Lopez's claim, and that's what he argued in the district court. It was denied on the merits. And for that reason, his petition should be deemed timely filed in the district court. If there are no other questions – You know, I'll tell you, I'm getting old, so I don't really care much about – I'm sorry? I'm getting old, so I don't care – I'm not too restrained in expressing my views on things. But I learned early on – it's a terrible thing to say – that the Great Writ is a great joke. I would agree with that. You know, I mean, there are – when there's any chance that someone may succeed or someone has succeeded, then the rules get changed, you know, and everything gets very complicated. And as we listen to this argument today, and, you know, the last time I checked in the federal court downtown, it's been a few years, but a thousand state habeas petitions were filed, right? You know how many were granted? One. Fifteen? Oh, one. One, yeah. So it's all just an exercise. And no one gets any benefit out of it, except it does keep people busy writing writs, and the lawyers busy, and magistrates busy, and appellate courts busy. But, you know, we really need another system. And you've got all these different rules, these timetables, where the Supreme Court's trying to cut this off. I remember – The world has changed a lot since the 1880s, right? I remember Judge Marriage down in Richmond. He was a great man, and Judge was the Attorney General of Virginia. And this was in Richmond, was just arguing against issuance of a writ, and just making a, you know, very excited speech about how the writ is being abused, and how the federal courts shouldn't have anything to do with what goes on in the state system and whatever. And Judge Marriage looked at this Virginia Attorney General and said, young man, I want to remind you that it was from this very building, from this very court, this very courtroom, from this very bench, where a writ of habeas corpus went forth and released Jefferson Davis from a federal prison. That was it. So, anyway, you're very passionate about this, and I respect that. But, you know, we have a system here that's broken. We've got an immigration system that's broken. We've got a tax system that's broken. But it's for the women who are in law school now to make all these changes. Well, we just can't help. Keep fighting. Okay. Thank you so much. All right. Good morning, Your Honor, Deputy Attorney General Stephanie Brennan. On behalf of the warden, may it please the court. You know, as the district court correctly found, none of these, his federal petition was untimely. None of those state habeas petitions was timely filed. They were all not properly filed. Well, suppose the Superior Court was wrong, as your opponent suggests. If then he could not have filed because they had not properly filed Mr. Lopez's petition, untimely, on the basis that his claim should have been filed on direct appeal, must we then conclude the state petition was timely, and that Mr. Lopez is entitled to tolling for the period in which his petition was pending? No. And here's why. And why not? Here's why. First of all, the way that the Superior Court's minute order was written out, it was in three separate portions. It had the merits ruling, the alternative untimeliness ruling, and thirdly, the ruling with regard to not bringing it on direct appeal. Those were three distinct rulings. Like this court did in Bonner, this court must look at one of those rulings, and it is dispositive. It is the second ruling. It is the ruling on untimeliness. We cannot merge ruling number two with ruling number three and say that because the court, even if we were to assume that it were wrong, and it's not necessarily so, because it is possible to bring an ineffective assistance of counsel claim on direct appeal, even though in California the preferred method is to bring it in habeas. We cannot merge number two with number three and say, even assuming number three were wrong, that necessarily means that number two was wrong also. What is correct is to say, to look at number two, saying that under the language in Bonner, which is, as Your Honor said, it's almost identical to what the Superior Court did here. We can't get around it. We must find that that language said that the State Court made a finding that this State habeas petition was untimely. And as the U.S. Supreme Court says, that is the end of the matter. It has made that determination that it was untimely, therefore not properly filed, therefore not subject to any statutory tolling. It's for that reason that we must follow Bonner and say, yes, here, the State Superior Court found that it was untimely. He gets no statutory tolling. Because of that, he gets no gap tolling. He gets no tolling for any of the other State habeas petitions, which we must look through those unexplained decisions back down to the Superior Court. This case is exactly like Bonner in that way. There's no way for us to get around it. And, therefore, what the Superior Court did was correct. What the District Court, in this case, did was absolutely correct. The fact that the Superior Court also made an alternative merits ruling doesn't change it. The fact that the merits ruling is number one as opposed to number two doesn't change it. What we're left with is an untimely State habeas petition. And what counsel was saying about filing the protective petition, that it's only recently done, but the fact is that PACE, PACE where it said that you should file this protective petition, was filed in 2005. PACE was filed before here petitioner's conviction even became final. So that was the law then. So I don't know how you can say, well, you know, he shouldn't be held to that same standard, when that was the law even before this conviction became final, before the statute even started to run. He's supposed to know that, no? We have held that, and I believe that the courts have held that, both sort of pro se and representative petitioners are held to the same standard. But, again, this is all occurring as PACE noted. Was the, would you say that the State court's disposition was crystal clear? I would say that, yes, the State court's order was crystal clear, because as this court stated in Bonner, the way that the language was set out there is the interpretation of the California rule as, if you're going to file a late State habeas petition, you need to say that there was no substantial delay. And if there was substantial delay, to give good cause for that delay. So, therefore, the language that the Superior Court set out is responding to that reason, that he did not give good cause. This is exactly what this court said in Bonner. So it is crystal clear. It is not vague in any way. So it is just untimely. Can I tell you something? Uh-huh. It's rare, it's rare. I can't remember the last time I was involved in one, that we get federal habeas petitions from federal courts. Do you know that? We don't get them. Do you know why? Because federal judges handle them correctly. Yes, they do. And state judges don't. And the state just sort of sloughs these things off. People get postcard denials. And it just goes on like that, and you don't have... You can take a state habeas appeal. You could go right to the court of appeals. You don't go back to the trial judge if you don't want to. That's rarely done. Isn't that right? Well, Your Honor, I would disagree. I mean, that's not true. Well, you can keep going up or you can go back. But I would disagree with the view that the state courts don't handle it correctly, and especially I would disagree in this matter because... Then why do we get so many of them? Why do we get so many of them? Because... Thousands and thousands and thousands of them. Why do we get so many of them? Because so many of them are then rejected here, too, or in the district courts because they had no basis in the first place. Well, I don't know that that's true. We get a lot of people released from state prison that have been convicted improperly, don't we? We get a lot of those. Well, I would think that... And a lot of it's got to do with the way the cases are tried. I would disagree, Your Honor. I would disagree on the numbers of people who are justly, correctly convicted versus, yes, the unfortunate few who are not. That's why we do have this system. I believe that the state court system works in a wonderful and excellent way that upholds the Constitution. I believe the federal courts do, too. The reason that we do have this federalism, why we do have comity, is to protect rights. Yes, that is completely what we're all for. But to say that the state courts aren't acting correctly or... Well, I don't think they're doing their job properly. Your Honor, I would respect that. I was on the state court. I used to handle downtown. I'd sentence 120 people a month. That's how vast the volume was. It's a lot worse now, I'm sure. Then there were maybe 120 Superior Court judges. Now you've got them up around 500. You know what the answer to all this is? We need a state public defender system inside the institutions. That's the answer to it. That will help our lawyers who are looking for work now, too. So it's full employment. Well, that would be great if the state of California would have full employment. Yeah, that would be good if we had them in prison, but that isn't going to happen either. But you don't find them coming up from the federal courts. Yes. If Your Honors have any other questions? No, but you're handling this very well. Thank you, Your Honor. I appreciate that. Should I credit Jerry Brown with that? The entire office, Your Honor. The entire office. Okay. Thank you. All right. I had just one comment about why the protective petitions in federal court are really not the answer to these problems. Because this court has also held that you can't file a request to stay and obey a wholly unexhausted petition. So if you have only an ineffective assistance of counsel claim that is supposed to be raised in state habeas, hasn't been raised on direct appeal, and you go to federal court, it can be dismissed because it's not a mixed petition. So it's not the solution. Yeah. Okay. Thank you.
judges: Pregerson, Nelson D. W., Ikuta